Singh v. Barr

BIA
Loprest, IJ
A205 421 917

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty.

PRESENT:
>       ROBERT A. KATZMANN,
>            *Chief Judge,*
>       JON O. NEWMAN,
>       SUSAN L. CARNEY,
>            *Circuit Judges.*

_____

RAVINDER SINGH,
>       *Petitioner,*

>       v.                                          18-584
>                                                   NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Natasha Mallhi, Esq., Dalbir Singh & Associates, New York, NY. |
| **FOR RESPONDENT:** | Aaron D. Nelson, Trial Attorney; Terri J. Scadron, Assistant |

Director; Joseph H. Hunt,
Assistant Attorney General, United
States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ravinder Singh, a native and citizen of India, seeks review of a BIA decision affirming the decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ravinder Singh,* No. A 205 421 917 (B.I.A. Feb. 2, 2018), *aff'g* No. A 205 421 917 (Immig. Ct. N.Y. City Dec. 20, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA; i.e., we address the adverse credibility determination minus the IJ's finding that Singh testified inconsistently concerning the circumstances of his father's death. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We conclude that substantial evidence supports the agency's determination that Singh was not credible as to his claim that he was attacked by members of the Congress Party and the police in India because of his

3

membership in a rival party, the Shiromani Akali Dal Mann Amritsar Party ("Akali Dal").

The agency reasonably based its adverse credibility determination, in part, on Singh's demeanor, citing several examples where Singh's testimony was vague, "script-like," or unresponsive, and finding that his "apparent lack of 'candor or responsiveness'" further eroded the IJ's confidence in its veracity. Certified Administrative Record at 174 (quoting INA § 208(b)(1)(B)(iii)). We grant "particular deference" to the IJ's demeanor finding, *Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007), because "the IJ's ability to observe the witness's demeanor places h[im] in the best position to evaluate . . . credibility," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

The agency also reasonably relied on Singh's inconsistent testimony concerning his medical treatment. He initially testified on direct examination that he saw a doctor only after the second alleged attack, but, when pressed by his attorney, he stated that he also saw a doctor after the first attack. Additionally, on cross-examination, Singh first testified that he went to the doctor only once after the first

4

attack, but when confronted with his own medical records, he stated that he went to the doctor for follow-up visits for one week. Singh argues that such minor inconsistencies were not relevant to his claim of past persecution. The agency properly relied on them, however, because they concern the severity of his injuries from the two incidents of past persecution that form the primary basis of his claim. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a material inconsistency regarding the basis of an applicant's asylum claim is substantial evidence of adverse credibility). Furthermore, the agency may rely on "*any* inconsistency" so long as the totality of the circumstances support its conclusion that the applicant is not credible. *Xiu Xia Lin*, 534 F.3d at 167.

The agency also reasonably relied on Singh's inconsistent and vague testimony about Khalistan, the Akali Dal's aspirational separate Sikh state. Singh initially testified that Khalistan was a "political party," not a hoped-for independent state, and his additional explanation was vague and nonresponsive, even when he was pressed numerous times for additional detail. For example, Singh stated that

5

Khalistan is where "Sikhs will get their rights," that Akali Dal supports Khalistan "[b]ecause the Sikhs do not get their rights there," and that Khalistan will be located "at a place which will be neat and clean, and where people are truthful." Certified Administrative Record at 234-35. Since the creation of Khalistan was a central tenet of the political party for which Singh claimed to have been persecuted, the IJ did not err in relying on the lack of detail and clarity in Singh's responses in support of its adverse credibility finding. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) (holding that where an applicant gives "very spare" testimony, the fact-finder may "fairly wonder whether the testimony is fabricated"), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc); *see also Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (while there is no requirement of a "certain level of doctrinal knowledge" to support asylum eligibility, there can be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could

therefore provide substantial evidence in support of an adverse credibility finding").

Having questioned Singh's credibility, the agency reasonably found that Singh's corroborating evidence failed to rehabilitate it. Singh has abandoned any challenge to this finding by failing to raise the issue in his brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Given Singh's demeanor, inconsistent testimony on the extent of his medical treatment, and lack of knowledge of one of Akali Dal's central tenets, we conclude that substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Although it was not identified by Singh, we note one error in the agency's decision. Contrary to the IJ's observation, *see* Certified Administrative Record at 172-73, Singh did testify that he received documentation of his medical treatment, *see id.* at 243. Given the other grounds for the adverse credibility determination, however, we find that this error does not require remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (remand is futile when we can "confidently predict" that the

7

agency would reach the same decision absent any errors). The agency's adverse credibility determination is dispositive of his claims for asylum, withholding of removal, and CAT relief because all three rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court